SAMUEL, Judge.
Plaintiffs, husband and wife, filed this suit against Gulf Janitorial Services, Inc. *2 and its liability insurer for damages resulting from personal injuries sustained by Mrs. Barrios in a fall. The defendants answered, denied any negligence on their part, and alternatively pleaded contributory negligence and assumption of risk. American Casualty Co., compensation insurer of Mrs. Barrios’ employer, then intervened seeking recovery of compensation benefits paid or to be paid by intervenor as a result of the injuries suffered by Mrs. Barrios. Thereafter, plaintiffs-filed a supplemental petition against that employer and American Casualty seeking further compensation benefits.
After a trial on the merits, there was judgment in favor of the two original defendants, Gulf Janitorial Services and its insurer, and against the plaintiffs and the intervenor, dismissing the former’s demand and the latter’s intervention against the two original defendants. There was also judgment in favor of Mrs. Barrios and against her employer for further compensation, which portion of the judgment has been satisfied and is not before us.
Plaintiffs have appealed from that portion of the judgment which dismisses their demand against the two original defendants. The intervenor also has appealed, contending that plaintiffs are entitled to a judgment against the two original defendants and that intervenor, in turn, is entitled to a judgment on its intervention against those defendants in the amount of compensation benefits paid by intervenor.
Mrs. Barrios worked in a supervisory capacity in the office of a warehousing company. On the day of the accident she was alone in the office during the lunch period. She had taken an order over the telephone in her private office and had gone to an outer office to get an order blank. Before she obtained the blank the phone in her office rang again and she turned, suddenly and abruptly, to return to her office for the purpose of answering the phone because, as she testified, her employer required that phones be answered as soon as they rang. In turning she slipped and fell, sustaining injuries principally to her right elbow. The accident happened on a Monday. The defendant, Gulf Janitorial Services had serviced the premises and waxed the office floors the preceding Friday evening pursuant to its contract with the warehousing company under which the former furnished janitorial services which included washing and waxing the floors on a monthly basis. The building occupied by the warehousing company was new and the company required that the floors be highly buffed and shiny. Its president had suggested to all of its female employees that they wear shoes with rubber soles. At the time of the accident Mrs. Barrios was wearing wedges but not rubber soles.
Plaintiffs’ claim is based on the contention that Mrs. Barrios’ fall resulted from negligence on the part of Gulf Janitorial Services in that the latter had “applied a slippery wax or chemical to the floor, rendering the same highly dangerous and hazardous to walk on”. We find that the contention is not supported by the evidence.
The only evidence relative to the application of a slippery wax or chemical by Gulf Janitorial Services is contained in the testimony of Mrs. Barrios and her witness, a fellow employee named Mrs. Reihm. Both testified that on the day of the accident the office floor was exceptionally shiny and slippery, that they could walk on the floor that day as well as on other occasions but they had to be a little more cautious because of its waxed condition, and that, from these facts alone, they assumed a wax had been applied which was different from the one previously used.
On the other hand, the president of the warehousing company testified that on the day of the accident the floors did not have an unusual appearance and he had no difficulty in walking on them. Two witnesses called on behalf of Gulf Janitorial Serv *3 ices testified that the wax used on the Friday preceding the accident was the same product which had been used throughout the contract with the warehousing company, and throughout the seven year existence of the janitorial company, a wax manufactured by the Franklin Research Division of the Pur ex Corporation and one thoroughly tested and approved by the Underwriters Laboratory which is a standard for testing in the industry. These witnesses also testified that the particular wax was a “dead” wax in that it required buffing to bring out the color and and shine; the more it was buffed the shinier, the harder and the less slippery it became. Other than medical, these five persons were the only witnesses and their testimony constitutes all of the evidence relative to the alleged negligence of Gulf Janitorial Services.
No other person slipped on the floor on the day of the accident. Mrs. Barrios had the authority to call the defendant janitorial company for correctional work if she thought the floor was too slippery and, although she was on the premises for more than four hours prior to the fall, she made no such call. The record is devoid of any proof that an improper wax was used (we cannot, of course, accept as fact the “assumptions” of Mrs. Barrios and Mrs. Reihm) or that the wax was improperly applied. And although any freshly waxed floor is likely to be slippery, there is a conflict in the testimony relative to the extent the floor in the instant case was slippery, a conflict apparently resolved by the trial judge in favor of the defendants. From our reading of the entire record, we are of the opinion that the sole cause of the accident was the incautious manner in which Mrs. Barrios, while walking in one direction, suddenly turned in an attempt to quickly return to her office in the opposite direction in order to answer the ringing telephone. However, we hold that plaintiffs have failed to prove negligence on the part of the defendant, Gulf Janitorial Services, and it is not necessary to discuss defendants’ pleas of contributory negligence and assumption of risk.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.